IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA PAPA, | ) | |
| | ) | |
| | ) | 2:20-CV-01528-CCW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MOON TOWNSHIP, | ) | |
| GREG SEAMON, and | ) | |
| ROBERT PHILLIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

AND NOW, before the Court is *pro se* plaintiff Amanda Papa's Motion to Amend the Complaint and Remand, ECF No. 27. For the reasons that follow, Plaintiff's Motion to Amend shall be GRANTED, and the Court will defer ruling on the Motion to Remand until Plaintiff files her First Amended Complaint.

### I.    Brief Background

Plaintiff, who is *pro se*, initiated this case in the Court of Common Pleas of Allegheny County, Pennsylvania, first by filing a writ of summons on April 21, 2020, and then by filing a complaint on September 23, 2020. *See* ECF Nos. 1-3, 1-2 at 33. Defendants removed the action to this Court on October 8, 2020. *See* ECF No. 1.

Plaintiff's Complaint alleges that Defendants, Moon Township and two of its police officers, violated her rights by arresting her, and subsequently prosecuting her, for engaging in protected political speech at Moon Township's April 22, 2018 Earth Day Event (the "2018 Earth Day Event"). *See generally*, ECF No. 1-2 at 33–40;  ECF No. 1-3 at 4.  Plaintiff alleges that

Defendants arrested and prosecuted her for speaking to the public at the 2018 Earth Day Event about Chevron Corporation's funding and sponsoring the 2018 Earth Day Event and why political change such as the Green Party platform must be implemented. *See* ECF No. 1-3 at 5. The Complaint sets out five causes of action: (1) abuse of process; (2) intentional infliction of emotional distress; (3) deprivation of free speech rights (under the Federal Constitution and the Pennsylvania Constitution); (4) false arrest; and (5) malicious prosecution. *See generally*, ECF No. 1-3.

The Complaint's 47 paragraphs contain only two references to specific federal rights that Plaintiff claims Defendant violated: Paragraphs 36 and 38 assert that Defendants violated Plaintiff's free speech rights and specifically refer to the First Amendment to the United States Constitution. ECF No. 1-2 at 39. Notably, Paragraph 38 also claims that the same conduct that violated Plaintiff's federal First Amendment free speech rights also violated her free speech rights under Article I, section 7 of the Pennsylvania Constitution. ECF No. 1-2 at 39. The basis for Defendants' removal of the case to this court was the references to the First Amendment of the United States Constitution in paragraphs 36 and 38 of the Complaint, which invoked the Court's original federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 1.

Following removal, the case progressed: the case was reassigned to the undersigned, ECF No. 7; Defendants answered the Complaint, ECF No. 12; the Court held an initial case management conference, ECF No.15; Defendants filed a motion for judgment on the pleadings, ECF No. 17, which is pending; and the parties participated in an early neutral evaluation, ECF No. 22. Prior to the scheduled close of fact discovery, the parties notified the Court of a discovery dispute and the Court held a conference to address the dispute on March 26, 2021. ECF No. 23.

During the discovery dispute conference, Plaintiff informed the Court that she intended to file a motion to amend the complaint to withdraw her federal claims.

On April 12, 2021, Plaintiff filed a motion to amend the complaint and attached a copy of her proposed amended complaint in redline.  ECF No. 27;  ECF No. 27-1.  The only change Plaintiff seeks to make to the Complaint is to remove the references to the First Amendment in paragraphs 36 and 38.  ECF No. 27-1.  Plaintiff also requests that, if the Court permits her to file the proposed amended complaint, it also permit her to remand the case to the Court of Common Pleas of Allegheny County, Pennsylvania for lack of federal jurisdiction.  ECF No. 27.  The amendment would be Plaintiff's First Amended Complaint.

Defendants oppose Plaintiff's Motion to Amend.  ECF No. 28.  They argue that Plaintiff's Motion is futile, a bad-faith attempt at forum-shopping, unduly late, and will prejudice them because fact discovery closed on March 31, 2021, *see* ECF No. 16, and they expended resources to file a motion for judgment on the pleadings, ECF No.17.  *See generally*, ECF No. 28.

## II.    Legal Standard

A party that does not have written consent from opposing counsel must obtain leave of court to amend a complaint more than 21 days after either (a) serving it or (b) receiving service of a responsive pleading or a 12(b), (e), or (f) motion.  Fed. R. Civ. P. 15(a)(1)–(2).  The decision to grant or deny a motion to amend is within the discretion of the Court, and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2);  *see Foman v. Davis*, 371 U.S. 178, 182 (1962) ("the grant or denial of an opportunity to amend is within the discretion of the District Court.").

The Court carries a "special obligation" to construe complaints of *pro se* litigants liberally.  *Ricks v. Shover*, 891 F.3d 468 (3d Cir. 2018).  In addition, the Third Circuit recognizes the hurdles

*pro se* litigants face and specifically provides them additional opportunities to amend their complaints; for instance, the Third Circuit mandates that "district courts in this circuit must grant leave to amend before dismissing a *pro se* civil rights complaint, even if the plaintiff does not request it, unless amendment would be futile or leave to amend is not warranted for some other reason." *Tate v. Morris Cty. Prosecutor's Office*, 284 Fed.Appx. 877, 879 (3d Cir. 2008) (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008) and *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)).

"Unless equitable considerations render it otherwise unjust," a court should grant leave to amend. *See Arthur v. Maersk*, 434 F.2d 196, 204 (3d Cir. 2006). According to the Supreme Court, equitable considerations that might render leave to amend unjust include "undue delay, bad faith, dilatory motive, prejudice, and futility." *See Foman*, 371 U.S. at 182; *see also*, *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1434 (3d Cir. 1997).

## III.    Discussion

Given Federal Rule of Civil Procedure 15's liberal standard for amendment, and the plaintiff's *pro se* status, the Court find that exercising its discretion to grant leave to amend would not be unjust under the circumstances of this case.

### A.    Plaintiff's Proposed Amendment is Not Unduly Delayed or Requested in Bad Faith or for a Dilatory Motive

Defendants assert that Plaintiff's proposed amended complaint is a bad faith attempt at forum shopping and is unduly delayed. ECF No. 28 at 6.

In support of their bad faith and undue delay argument, Defendants contend that Ms. Papa was "on notice" significantly earlier in this case that she could have withdrawn her federal claims to return her case to her "preferred forum" of state court. ECF No. 28, at 6. Therefore, Defendants

4

assert, Ms. Papa should have sought to amend her complaint and to remand this case earlier, and, in Defendants' view, her failure to do so exhibits bad faith. *Id.* Defendants further contend that the reason Plaintiff was "on notice" is that she filed a different state court case against Coraopolis Township which was also removed to federal court and, because the complaint in that case did not specifically invoke any federal right or statute, United States District Judge Nicholas Ranjan remanded that case to state court for lack of federal jurisdiction. *See Papa v. Coraopolis Borough*, 2:20-cv-1585-NR, 2020 U.S. Dist. LEXIS 238268 (W.D. Pa. Dec. 18, 2020) (the "Coraopolis Case").

Given Plaintiff's *pro se* status, the Court does not agree that she should have been required to withdraw her federal claims and move to remand this case earlier based on the Coraopolis Case. Although Plaintiff certainly could have sought amendment and remand earlier, the Court does not find the delay here to be undue, or to exhibit a bad faith or dilatory motive. Indeed, Defendants do not point to any authority that prevents Plaintiff from withdrawing her federal claims. Plaintiff, as "master of the case[,]" is free to withdraw or otherwise limit the extent to which she pursues any or all of her claims. *See DiBattista v. Dixon*, Civil Action No. 09-3086, 2009 U.S. Dist. LEXIS 65175, at *4 (E.D. Pa. July 27, 2009). Courts within this Circuit have permitted *pro se* plaintiffs to withdraw their federal claims in federal question cases and seek remand the case to state court as to the state law issues. *See e.g.*, *Elansari v. Ramirez*, Civil Action No. 20-896, 2021 U.S. Dist. LEXIS 35378 (E.D. Pa. Feb. 25, 2021); *see* also, *Hartman v. Cadmus-Cenveo Co.*, 2014 U.S. Dist. LEXIS 131517 (E.D. Pa. Sept. 19, 2014). Under the totality of circumstances here, the Court will not ascribe undue delay, bad faith, or dilatory motive to this *pro se* Plaintiff.

**B.    Plaintiff's Proposed Amendments do not Unduly Prejudice Defendants**

Defendants also argue that the proposed Amended Complaint prejudices them because the parties have conducted fact discovery, and because Defendants elected to file a motion for judgment on the pleadings at the beginning of the discovery period, which is currently pending.

Plaintiff's request to amend the complaint to withdraw her federal First Amendment allegations does not unduly prejudice Defendants.  The "liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case.  It allows for misunderstanding and good-faith lapses in judgment, so long as the party thereafter acts reasonably and diligently." *Arthur v. Maersk, Inc.*, 434 F.3d 196 (3d Cir. 2006) (internal citations omitted).  If this case remains in federal court following Plaintiff's proposed amendment, the parties' completed fact discovery would remain relevant to the case, and no further or different discovery would be required.  No claims are being added and the only deletions are two references to the federal constitution, but the allegations underpinning the former federal allegations remain with respect to the Pennsylvania Constitution.  Similarly, if the case is remanded to state court following amendment, the parties' completed discovery would remain relevant to the state court claims.  Thus, the parties' discovery efforts have not been wasted, nor will the proposed amendment trigger additional discovery or significant delay.

Defendants' decision to file a Fed. R. Civ. P. 12 (c) motion for judgment on the pleadings also does not generate undue prejudice under the totality of the circumstances.  If the case remains in federal court after amendment, Defendants could elect to re-file their Rule 12(c) motion with very few alterations, given that it sought to dismiss all five Counts of the Complaint and most, if not all of those arguments remain available to Defendants.  Or, Defendants could incorporate appropriate arguments into a motion for summary judgment.  If the case is remanded to state court

following amendment, Pennsylvania Rule of Civil Procedure 1034 allows parties to file motions for judgment on the pleadings similar to Federal Rule 12(c):  "After the relevant pleadings, are closed, but within such time as to not unreasonably delay the trial, any party may move for judgment on the pleadings."  Pa. R. Civ. P. 1034(a).  Defendants can adjust and re-file their motion for judgment on the pleadings in state court, without substantial effort.  Under the totality of the circumstances, the Court finds that Plaintiff's proposed amendment of the Complaint will not unduly prejudice Defendants.

### C.   Plaintiff's Proposed Amendments are Not Futile

Defendants assert that the Court should deny leave to amend because Plaintiff's proposed amended complaint is futile.  *See* ECF. No. 28 at 3–4.  Defendants argue that, unlike First Amendment rights under the federal Constitution which can be protected using the private right of action provided by 42 U.S.C. § 1983, there is no comparable private right of action for violating the right to free speech espoused in the provision of the Pennsylvania Constitution that Plaintiff cites.  *Id*.  Therefore, Defendants contend that the Court must deny Plaintiff leave to amend because the proposed amended complaint is futile.  ECF No. 28 at 3–4.

According to the Third Circuit, futility, in the context of a motion for leave to amend, "means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  *In re Burlington Coat Factory Sec. Litig*., 114 F.3d at 1434.

Here, leave to amend would not be futile.  Even if Defendants are correct and there is no private cause of action for violating the free speech provisions of the Pennsylvania Constitution, and, therefore, Count III (titled "Deprivation of Free Speech Rights") may be inactionable once the references to the federal Constitution are eliminated, the allegations in paragraphs 36 and 38 that Defendants violated Plaintiff's Pennsylvania-based free speech rights could, and likely do,

contribute to her claims in Count IV (false arrest) and Count V (malicious prosecution).  Reading the *pro se* Plaintiff's proposed amended complaint liberally, as this Court is required to do, it is not clear that the proposed amended complaint would fail to state a claim upon which relief can be granted;  therefore,  amendment is not futile.  *See In re Burlington Coat Factory Sec. Litig*., 114 F.3d at  1434.

## IV.    Conclusion

Given Fed. R. Civ. P 15's liberal standard for amendment, and the plaintiff's *pro se* status, the Court finds that exercising its discretion to grant leave to amend would not be unjust under the circumstances of this case.

For the foregoing reasons, Plaintiff's Motion to Amend the Complaint, ECF No. 27 is GRANTED.  Plaintiff shall file a clean copy (not a redline) of the proposed First Amended Complaint attached to her Motion as Exhibit A with the Court on or before **May 5, 2021**.  The Court will defer ruling on Plaintiff's Motion for Remand until Plaintiff has filed the First Amended Complaint or the deadline for doing so has passed.

IT IS SO ORDERED.

DATED this 30th day of April, 2021.


BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

Plaintiff and All Counsel of Record